UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1974-DMG (JCx)** | Date | August 18, 2022 |
|---|---|---|---|
| Title | *Antonio Fernandez v. Fountain Square Liquor, Inc.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [22]**

On March 25, 2022, Plaintiff Antonio Fernandez filed his Complaint against Defendant Fountain Square Liquor, Inc. Compl. [Doc. # 1.] Defendant owns Fountain Square Liquor, a store located at 8320 Stewart and Gray Rd., Downey, California. Compl. at ¶¶ 2-3; *see also* Slipski Decl. ¶ 3 [Doc. # 22-11]. The Complaint alleges that Defendant violated the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act by failing to provide wheelchair-accessible paths of travel at the store. *Id.* at ¶ 10. Plaintiff sought injunctive relief under the ADA and statutory damages under the Unruh Act, and attorneys' fees under both. Because the Court has since declined to exercise supplemental jurisdiction over Plaintiff's state law claim [Doc. # 19], damages are no longer available to Plaintiff in this action. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). Therefore, Plaintiff may receive only injunctive relief and reasonable attorneys' fees and costs.

The Clerk entered default against Defendant on May 16, 2022. [Doc. # 18.] Plaintiff now moves for a default judgment. Motion for Default Judgment ("MDJ") [Doc. # 22]. To date, Defendant has not made an appearance. For the reasons discussed in this Order, the Court **GRANTS** Plaintiff's motion.

**I.
DISCUSSION**

A.   **Federal Rule of Civil Procedure 55(b)(2), Local Rule 55-1, and the *Eitel* Factors**

Plaintiff has complied with the procedural requirements applicable to default judgments. *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1; Slipski Decl. at ¶¶ 1-5. He has also shown that the *Eitel* factors weigh in favor of entering a default judgment against Defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the Ninth Circuit set forth a number of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1974-DMG (JCx)** | Date | August 18, 2022 |
|---|---|---|---|
| Title | ***Antonio Fernandez v. Fountain Square Liquor, Inc.*** | Page | 2 of 4 |

factors that courts may consider when evaluating a default judgment motion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

Plaintiff will be prejudiced without a default judgment—no other enforceable form of relief against Defendant exists at this stage of the proceedings, and Plaintiff has already incurred expenses pursuing his claim. *See* Handy Decl. ¶ 1 [Doc. # 22-3]; *id.* at 9 (Billing Statement); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff has submitted a well-pleaded complaint, and since a default has been entered, the Court presumes that Plaintiff's allegations are true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Plaintiff must use a wheelchair for mobility. Compl. at ¶ 1; Fernandez Decl. at ¶ 1 [Doc. # 22-4]. He went to Defendant's store in November 2021, and claims that some of the paths of travel inside the store "narrowed to less than 36 inches in width." Compl. at ¶¶ 8-14. Plaintiff alleges that the lack of accessible paths of travel caused him difficulty and frustration. *Id.* at ¶ 15.

These allegations, which the Court must take as true, are sufficient to support Plaintiff's ADA cause of action. He is a physically disabled person under the ADA. *See* 42 U.S.C. § 12102(2)(A). The store qualifies as a public accommodation under the ADA. *See id.* § 12181(7)(B). Plaintiff personally encountered a barrier to his access—failure to provide "walking surfaces" with a clear width of at least 36 inches, which qualifies as an actionable physical barrier under the ADA. *See* 2010 ADA Standards for Accessible Design § 403.5.1.

The sum at stake is relatively modest. Indeed, because Plaintiff can no longer pursue his Unruh Act claim in this Court, he cannot recover any monetary award beyond his attorneys' fees. There is no possibility of a dispute concerning the material facts of the case because the well-pleaded factual allegations are presumed to be true. Moreover, the procedural history of this case weighs against a finding of excusable neglect, given that Defendant has chosen not to appear. Lastly, Defendant's failure to meaningfully participate in this action renders a decision on the merits impractical.

Given the foregoing, the Court concludes that the entry of a default judgment against Defendant is appropriate for violation of the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1974-DMG (JCx)** | Date | August 18, 2022 |
|---|---|---|---|

| Title | ***Antonio Fernandez v. Fountain Square Liquor, Inc.*** | Page | 3 of 4 |
|---|---|---|---|

**B.    Remedies**

Injunctive relief is appropriate "when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1015 (C.D. Cal. 2014) (holding that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief" (quoting *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011)). Thus, for the reasons stated *supra* Part I.A, Plaintiff may obtain an injunction compelling Defendant to provide ADA-compliant paths of travel at Defendant's store.

In addition to injunctive relief, Plaintiff's counsel requests $2,530 in attorney's fees for 11.7 hours of work and $902 in filing fees and service costs. *See* Billing Statement. Under the ADA, prevailing parties are entitled to recoup reasonable attorneys' fees. 42 U.S.C. § 12205. Normally, parties obtaining default judgments who seek attorneys' fees must adhere to the attorneys' fee schedule laid out in the Central District's Local Rule 55. In civil rights cases, however, if the prevailing party submits a written request for fees in excess of the amount the schedule sets, district courts are "obliged to calculate a reasonable fee in the usual manner, without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr.*, 893 F.3d 1152, 1159 (9th Cir. 2018) (internal quotations omitted). Plaintiff has submitted such a request here. *See* Billing Statement.

All billing records are submitted by Plaintiff's attorney, Russell Handy, who has submitted a Billing Statement detailing the hours his colleagues expended litigating this case. *See* Billing Statement.

In the Billing Statement, Handy states his partner Mark Potter's hourly rate is $650 per hour. Potter has worked on ADA cases for 25 years, and has litigated thousands of disability cases. Two other lawyers billed to this case: Amanda Seabock and Adrian Slipski. Amanda Seabock has 10 years of experience, and requests fees of $500 per hour. Adrian Slipski graduated from law school in 2018, and requests fees of $350 per hour. After considering the qualifications of the attorneys who billed for this case, the itemized billing records detailing their time, and the cookie-cutter nature of this type of litigation, the Court concludes that Plaintiff's counsel's requested hourly rates are not reasonable. The nature of the work required to litigate this formulaic action should reasonably generate hourly rates no greater than $425 for Potter, $350 for Seabock; and $200 for Slipski.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1974-DMG (JCx)** | Date | August 18, 2022 |
|---|---|---|---|
| Title | ***Antonio Fernandez v. Fountain Square Liquor, Inc.*** | Page | 4 of 4 |

In addition, some of the firm's billing entries are excessive. In particular, Potter states that he spent .5 hours on "complet[ing] step two on prefiling checklist," which entails reviewing information about Defendant's business online and instructing Plaintiff's investigator on what to photograph and measure. For a generic high frequency claim of this type, and given that the prefiling checklist has five steps, fact gathering and initial analysis of Plaintiff's claim need not have taken half an hour. The Court therefore reduces this entry to 0.25 hours. Slipski and two paralegals also apparently spent a total of 5.8 hours preparing the instant MDJ: 2.4 hours spent "drafting" the MDJ by a paralegal, .3 hours spent reviewing the MDJ filing by a paralegal on June 14, 2022, and then 3.1 hours apparently spent preparing the MDJ filing on June 17, 2022. It is unclear why the MDJ filing was "prepared" three days after it was "reviewed." Moreover, given the rote nature of preparing a motion of this type, nearly six hours was excessive. The Court thus reduces the entry for "drafting" the motion to 1.5 hours, and reduces the entry for "preparing" the filing to .5 hours.

Finally, several of the billing entries are unclear. One entry, for March 23, 2022, is blank. Another entry, for April 3, 2022, is an entry for Seabock, but the description appears to be a note from someone named "Cyrus." Five entries by paralegal Mary Balquedra are merely a docket number. The first three are the docket numbers of documents filed by Plaintiff, and the Court construes these entries as the time spent filing those documents. But two entries say "ECF 16-17" (on May 14) and "ECF 17-19" (on May 20). Only Docket No. 17 is a filing by Plaintiff. Because it is unclear what these latter two entries are for, the Court cannot determine if they are reasonable. The Court therefore strikes the March 23, April 3, and May 14 and 20 Balquedra entries.

Plaintiff also requests $902 in costs and expenses for service costs, filing fees, and an investigator fee. Plaintiff has not provided receipts for his service costs or investigator fee. The Court therefore denies Plaintiff's requests as to those costs. The Court will award Plaintiff the fixed $402 filing fee.

## II.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MDJ. The Court will enter a total judgment of $1,518.25 (consisting of $1,116.25 in attorneys' fees and $402 in litigation costs) in favor of Plaintiff and against Defendant. Defendant is also hereby ordered to provide ADA-compliant paths of travel at the store located at 8320 Stewart and Gray Rd., Downey, California. The August 19, 2022 hearing on this matter is **VACATED**.

**IT IS SO ORDERED.**